## LAFORGE v. McGEE.

(Supreme Court, Appellate Division, Second Department. June 18, 1908.)

1. COURTS—MUNICIPAL COURTS—APPEAL—JUDGMENT—MODIFICATION—RIGHT OF RESPONDENT.

Code Civ. Proc. § 1294, providing that "a party aggrieved may appeal," and Municipal Court Act, Laws 1902, p. 1496, c. 580, § 20, declaring that the provisions of the Code of Civil Procedure and the regulations of the Supreme Court, so far as applicable, shall apply to the Municipal Court, when read with the provisions of the Municipal Court act, preclude the modification of a Municipal Court judgment at the request of a respondent on appeal who has permitted the time within which he could appeal on his own behalf to pass without taking any action.

2. JUDGMENT—CONCLUSIVENESS.

A judgment as to a party who does not appeal is conclusive after the time for appeal has expired.

3. COURTS—MUNICIPAL COURT—APPEAL—PARTY AGGRIEVED.

Municipal Court Act, Laws 1902, p. 1578, c. 580, § 310, providing that the appellate court may reverse, affirm, or modify a judgment, order, or final order appealed from, is limited to the appeal of a party aggrieved, who is the only person authorized to appeal by Code Civ. Proc. § 1294.

Appeal from Municipal Court, Borough of Richmond, Second District.

Action by James Laforge against John McGee. From a Municipal Court judgment for plaintiff, defendant appeals. Reversed.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

Jacob E. Salomon, for appellant.
George J. Greenfield, for respondent.

WOODWARD, J. Both parties ask for a reversal of this judgment; the appellant absolutely, and the respondent conditionally. The latter claims to have been entitled to a judgment upon which a body execution might issue, under the provisions of section 251 of the Municipal Court act (Laws 1902, p. 1562, c. 580). The judgment as entered does not conform to the statute, and the time having expired for making a motion to amend under the provisions of section 254 of the act, as well as for the time of appeal, the respondent urges that it is within the power of this court to modify the judgment so as to meet the requirements of the statute.

We are pointed to no direct authority for such a modification. Section 20 of the Municipal Court act provides that the provisions of the Code of Civil Procedure and the rules and regulations of the Supreme Court, so far as applicable and not in conflict with the act, shall apply to the Municipal Court; and section 1294 of the Code of Civil Procedure provides that a "party aggrieved may appeal." This, when read

with the provisions of the Municipal Court act, and in the light of the rules governing appeals, would seem to preclude the idea of modifying a judgment at the request of a respondent, who has permitted the time for appeal to pass without taking action. The judgment as, to a party who does not appeal is conclusive after the time for appeal has expired, for by neglecting to appeal he in substance says that he is not aggrieved by the judgment. Section 310 of the Municipal Court act, in providing that the "appellate court may reverse, affirm, or modify the judgment, order, or final order appealed from," must be construed as being limited to the appeal of a party aggrieved, for it is only such a party who is permitted to appeal.

The respondent desiring a reversal under these circumstances, and the appellant, as we believe, being entitled to a reversal, by reason of the fact that, while the action appears to have been predicated upon the theory of deceit and fraud, the evidence tends rather to the support of an action for a breach of contract, the ends of justice would seem to require a reversal of this judgment and the awarding of a new trial; costs to abide the event. All concur.